IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

YOUNGER FUNDING & §
INVESTMENTS LLC, et al., §
     Plaintiffs, §
§
v. §     No. 3:25-CV-2810-S-BW
§
BFSRF5 LLC, et al., §
     Defendants. §     Referred to U.S. Magistrate Judge[1]

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiffs Younger Funding & Investments LLC ("YFI") and Jerome

Younger, now proceeding in this action pro se, have failed to prosecute this lawsuit

and follow court orders.  The undersigned United States magistrate judge

recommends that, unless Plaintiffs come into compliance during the 14-day period

within which they may file objections to this recommendation, the District Judge

should **DISMISS** this action pursuant to Fed. R. Civ. P. 41(b).

Plaintiffs, then represented by counsel, filed this action in the Count Court at

Law No. 3 of Dallas County, Texas on October 6, 2025.  (*See* Dkt. No. 1-1 at ECF p.

3; Dkt. No. 1-2.)  Defendants removed the action to this Court on October 16 based

on diversity jurisdiction under 28 U.S.C. § 1332(a).  (*See* Dkt. No. 1 at 3.)

Defendants allege that Plaintiff Younger is a resident and citizen of Texas and that

---

[1] United States District Judge Karen Gren Scholer referred this action to the undersigned magistrate judge for case management pursuant to 28 U.S.C. § 636(b).  (Dkt. No. 4.)

Plaintiff YFI is a limited liability company whose sole member, Younger, is a Texas citizen and the LLC is therefore considered a Texas citizen as well.  *See SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.3d 405, 407-08 (5th Cir. 2023).  Each of the Defendants is an Arizona limited liability company, each with different a different membership structure that establishes Arizona citizenship.  (*See* Dkt. No. 1 at 3-5.)  Defendants also properly allege that the amount in controversy exceeds $75,000.  (*Id.* at 6-7.)

Defendants BFSRF5 LLC and Boomerang Capital Partners, LLC filed a motion to dismiss on November 21, 2025.  (Dkt. No. 12.)  Plaintiffs subsequently dismissed claims against Defendant Capital Fund I. (Dkt. No. 17, 25.)

Plaintiff's counsel first sought to withdraw from the case on December 9, 2025.  (Dkt. No. 15.)  The undersigned denied counsel's initial motion to withdraw because Plaintiff YFI, as a legal entity, cannot appear in this action pro se, and there was no indication that counsel had explained to Plaintiffs that counsel's withdrawal could result in the dismissal of claims brought by YFI.  (Dkt. No. 22.)  After ensuring that Plaintiffs were aware of this, counsel re-urged the motion to withdraw and demonstrated that Plaintiffs had consented to the withdrawal.  (Dkt. No. 26.)  The undersigned granted the renewed motion.  (Dkt. No. 27.)

In the order granting counsel's withdrawal, the undersigned ordered Younger to register as an Electronic Case Filing system user no later than January 8, 2026 and ordered YFI to cause successor counsel to enter and appearance in the case no later than January 9, 2026.  (Dkt. No. 27 at 4; *see also* Dkt. No. 29.)  Neither Plaintiff complied with these orders within the time allowed.

On February 11, 2026, the undersigned explained that YFI cannot appear in this action pro se and ordered YFI to either cause counsel to enter an appearance by February 24 or show cause as to why its claims should not be dismissed. (Dkt. No. 30 at 2 (citing *Guardian Garage Midwest LLC v. Polyguard Garage of Texas, LLC*, No. 3:23-CV-1581-N-BK, 2025 WL 1886731, at *1 (N.D. Tex. May 28, 2025), *accepted*, 2025 WL 1885650 (N.D. Tex. July 7, 2025).) The order also required Younger to file a response to the pending motion to dismiss by February 24, and it warned that failure to comply would result in a recommendation that this action be dismissed. (*Id.*) The deadline for Plaintiffs to take these actions has passed, and they have take no action. In fact, they have taken no action in this case since counsel's withdrawal.

Fed. R. Civ. P. 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with a Federal Rule of Civil Procedure or a court order." *Smith v. Resurgent Capital Servs. LP, LLC*, No. 3:24-CV-197-B-BN, 2024 WL 2278210, at *1 (N.D. Tex. May 1, 2024) (internal quotation marks and brackets omitted). "This authority 'flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases.'" *Id.* at *2 (quoting *Boudin v. Graystone Inc. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

By failing to comply with court orders requiring retention of counsel and a response to the pending motion, Plaintiffs has apparently chosen to abandon this case. In light of Plaintiff's failure to take a basic and necessary steps to prosecute the

case, the Court finds that sanctions less than dismissal would be futile.  This case should be dismissed pursuant to Rule 41(b).

Nonetheless, Plaintiffs may, within the 14-day period allowed for objections, come into compliance and demonstrate an intent to prosecute his lawsuit by causing counsel to appear in this case (as to YFI) and filing a response to Defendants' November 21, 2025 motion to dismiss.  If Plaintiffs fail to come into compliance within the 14-day period during which they may make objections to this recommendation, the undersigned recommends that this action be **DISMISSED** without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute and follow orders of the court.

**SO RECOMMENDED** on February 26, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).